## In re McQUEEN'S ESTATE.

### PANDJIRIS v. McQUEEN.

*(Supreme Court, General Term, First Department.* March 13, 1891.)

1. WITNESS—PRIVILEGED COMMUNICATIONS—PHYSICIANS.

On a reference of a claim against the estate of an intestate for services as a professional nurse, which was disputed by the administrator, physicians who had attended deceased testified that the claimant acted as his nurse, and that their knowledge of the fact was derived from having seen her acting in that capacity, and from statements to that effect made to them by the intestate. *Held,* that this was not within Code Civil Proc. N. Y. § 834, forbidding a physician to disclose "any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

2. SAME—TRANSACTIONS WITH DECEDENTS.

Claims against the estate of an intestate, presented by two physicians and a nurse who attended him in his last illness, for their professional services, were disputed by the administrator, and were referred, pursuant to statute, to the same referee, by the same order of reference. *Held,* that thus joining the claims in the reference did not deprive either proceeding of its individuality, and that the physicians were not incompetent to testify, in support of the claim of the nurse, to personal transactions with the intestate, as being parties to the proceeding, within Code Civil Proc. N. Y. § 829, prohibiting such testimony by "a party or a person interested in the event."

3. REFERENCE—FINDINGS—SUFFICIENCY OF EVIDENCE:

The conclusion of a referee in such a proceeding will not be disturbed by the court on a question of the weight of evidence, where there is evidence sufficient to sustain it.

Appeal from special term, New York county.

Claim by Sarah J. Pandjiris against the estate of Alfred G. McQueen, deceased, presented to John McQueen, as administrator of said estate, and referred under Rev. St. pt. 2, c. 6, tit. 3, art. 2, § 36, providing for the reference of any claim so presented, "if the executor or administrator doubt the justice" of the claim. The claim was for services rendered to the intestate as a professional nurse in his last illness; and two other claims, presented by the physicians who attended him in the same illness, were also referred to the same referee by the same order of reference; and the physicians testified in support of the claim of the nurse at the hearing thereon. The referee reported in favor of the claimant. The administrator moved, on a case containing exceptions, for a new trial, which was denied; and he appeals from the order denying his motion. Code Civil Proc. N. Y. § 829, provides: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against the executor, administrator, or survivor of a deceased person." Code Civil Proc. N. Y. § 834, provides: "A person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." For former report, see 11 N. Y. Supp. 510.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George P. Webster, (Allen McDonald,* of counsel,) for appellant. *A. S. Diossy, (Daniel Clark Briggs,* of counsel,) for respondent.

VAN BRUNT, P. J. We have examined the record in the case at bar, and see no reason to differ from the conclusion arrived at by the judge at the special term. None of the objections presented upon the record are well taken, and we do not think it necessary to refer to them in detail, because the counsel for the appellant has not considered the question of sufficient importance to refer in his points to the correct folios in the case affecting the same, but reference is made to folios in some imaginary case which is not before the court. The order should be affirmed, with costs.

DANIELS, J., (*concurring.*) The objections taken to the evidence obtained from the physicians, and the motion to strike out their answers, were devoid of legal foundation. What they testified to concerning the claimant's services and employment in no way entrenched upon section 834 of the Code of Civil Procedure. It was not information at all entering into their professional conduct as the physicians of the intestate, but related to a wholly distinct and separate subject. Neither was either of the physicians a party to her proceeding, nor was this claimant a party to the proceeding of either physician. Joining them in the reference agreed upon and ordered did not deprive either proceeding of its individuality; and the oath administered was entirely regular. The evidence, too, was sufficient to sustain the conclusion of the referee. It was for him to decide upon the weight of the evidence given. There are other objections, but they seem to be clearly frivolous, and the order should be affirmed, with costs.

BRADY, J., concurs.